GONZÁLEZ *v.* REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Ponce.

No. 22.—Decided March 25, 1908.

Decided upon the same grounds as those stated in case No. 1 of *Rivera* v. *Registrar of Property,* page 249.

The facts are stated in the opinion.

*Mr. José Tous Soto* for appellant.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Attorney José Tous Soto on behalf of Rita González y Ortíz from a decision of the Registrar of Property of Ponce refusing to admit to record an order of approval in proceedings to establish ownership.

Rita González y Ortíz having instituted proceedings in the District Court of Ponce to establish the ownership of two

rural properties, the court held the ownership of said properties to have been established in favor of the petitioner, Rita González, and ordered that they should be recorded in her name in the Registry of Property; that for this purpose a certified copy should be issued to her of the order of approval, which copy was issued by the secretary of the court who stated therein that said decision was final as no appeal had been taken therefrom in due time.

Upon the presentation of the said certificate to the Registrar of Property of Ponce for the admission of the declaration· of ownership to record, the registrar recorded it with reference to one of the two properties, but denied it with respect to the other, as it appeared from the registry that Rita González y Ortíz had acquired said property by purchase from Felix Franco Rivera by deed executed in this city on June 10 last, before Notary José Tous Soto, which is a written title, entered for four months on September 10 last; and in lieu of such record a cautionary notice was entered effective for a period of four months at folio 147 reverse side of volume 142 of Ponce, estate 6374, record letter C, November 22, 1907.

Attorney José Tous Soto took an appeal in due time from said decision on behalf of Rita González Ortíz seeking the reversal of the decision and the issuance of an order to the registrar to record said property in the name of the appellant, and to this end, attached to his petition a certified copy of the judicial deed of sale executed in favor of the petitioner to the rural property in question, with the decision of the Registrar of Property of Ponce at the end thereof, refusing to admit it to record on the ground that the said property was not recorded in favor of the assignors nor in the name of any other person.

For the reasons stated in the decision rendered on this date by the Supreme Court in the appeal taken by Teodoro Santiago y Rivera from a decision of the Registrar of Property of Ponce refusing to record a declaration establishing ownership in a case similar to this one, the decision of the

Registrar of Property of Ponce placed at the end of the certificate in question in this appeal is reversed, and it is held to be recordable in the registry of property; and consequently it is ordered that such certificate be returned to the Registrar of Property of Ponce, together with a copy of this decision and of that rendered in the case aforementioned, for his information and other purposes which may be proper in law.

*Reversed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.